UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| LaVander Witherspoon, ) | C/A No. 1:18-cv-00907-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Lt. Mickey Boland and Donna Miller, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On April 10, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's Complaint be dismissed for failure to allege sufficient facts to state a plausible claim for deliberate indifference to serious medical needs. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report, and Plaintiff filed objections to the Report.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

Liberally construing Plaintiff's Complaint and objections, it appears that he states a plausible claim for deliberate indifference to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (holding pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys). Plaintiff alleges that he fell and injured his knee. ECF Nos. 1 at 6; 10 at 1. He was seen at sick call and x-rays were taken. ECF Nos. 1 at 6; 10 at 4). However, Plaintiff contends that his knee is still causing him pain and, while he has been given Ibuprofen, he has not been given any supportive device which is causing him to put more pressure on his other knee. ECF Nos. 1 at 6; 10 at 4. Plaintiff also appears to allege an ongoing and worsening condition, known to the staff at the Greenwood County Detention Center, for which he is not being adequately treated. ECF Nos. 1 at 6; 10 at 3–4.

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979

F.2d 987, 991 (4th Cir.1992); *see Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir.1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."). Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.*

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir.1987). With regard to the objective component, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). "Plaintiffs must also show the subjective component-deliberate indifference. An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir.2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or malpractice does not violate the Eighth Amendment. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Moreover, disagreements between an inmate and a physician over the inmate's proper

medical care do not state a § 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

At this procedural posture, it is impossible to determine if Plaintiff's injury is sufficiently serious or if Defendants knew of and disregarded the risk posed by the serious medical need. More facts are needed to properly evaluate this claim. Accordingly, in light of Plaintiff's allegations, the Court finds that Plaintiff has pled facts sufficient to state a plausible claim that his constitutional rights have been violated.

Plaintiff also alleges numerous facts pertaining to the conditions of his confinement for the first time in his objections. To the extent that Plaintiff intends to bring additional claims and have them considered by this Court, he is directed to file an amended complaint within 14 days of this Order. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).[1]

## CONCLUSION

Accordingly, the Court respectfully declines to adopt the Report and Recommendation of the Magistrate Judge. This matter is recommitted to the Magistrate for further pretrial proceedings. In the event that Plaintiff intends to bring additional claims, he is directed to file an amended complaint within 14 days of the date of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.

---

[1] If Plaintiff fails to file an amended complaint and elects to proceed on his Complaint as it is, the Magistrate should consider whether he has stated a claim against Defendant Mickey Boland, who is not a medical defendant.

United States District Judge

May 17, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.